**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Freddrick Cody,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Quail Construction LLC, et al.,<br><br>　　　　　Defendants. | No. CV-25-01453-PHX-KML<br><br>**ORDER** |

　　　　Plaintiff Freddrick Cody filed his complaint against Quail Construction LLC and Helix Traffic Solutions LLC. (Doc. 1.) Quail Construction filed an answer and the court ordered the parties to develop a Rule 26(f) Joint Case Management Report. (Doc. 11, 13.) Cody then filed a document titled "Reply to Defendant Quail Construction LLC's Answer, Opposition to Defendant's Request for Dismissal and Attorneys' Fees, and Motion to Strike Certain Affirmative Defenses." (Doc. 15.) That filing is procedurally improper and is denied.

　　　　First, a reply to an answer is allowed only "if the court orders one." Fed. R. Civ. P. 7(a)(7). The court did not order a reply, so Cody's filing was improper.

　　　　Second, beyond an unauthorized reply it appears Cody's filing is an attempt to respond to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) and a request for attorneys' fees. (Doc. 15 at 3.) Quail Construction did not file a motion to dismiss nor did it file a motion for attorneys' fees. The portion of Cody's filing styled as an opposition to non-existent motions was improper.

Third, Cody's filing requests the court strike certain affirmative defenses under Rule 12(f). This portion of the filing was not procedurally improper in that such motions are permissible. But Cody's motion fails on the merits.

Cody requests the court strike the defenses numbered 1, 2, 5, and 6 in Quail Construction's answer. Those defenses are:

> 1. Defendant alleges each purported claim for relief stated therein fails to state a claim upon which relief can be granted.
>
> 2. Defendant alleges Plaintiff's constructive discharge claim (Count III) is barred for failing to provide notice under A.R.S. 25-1502(B).
>
> 5. Defendant alleges that any relief to which Plaintiff may be entitled may be barred and/or limited by Plaintiff's failure to mitigate his damages.
>
> 6. Defendant alleges that any relief to which Plaintiff may be entitled may be barred and/or limited by the doctrine of after-acquired evidence.

Some of these may not qualify as an affirmative defense. *See Satanic Temple, Inc. v. City of Scottsdale*, 423 F. Supp. 3d 766, 778 (D. Ariz. 2019) ("Courts generally hold that failure to state a claim is not an affirmative defense."). But even assuming there may be some flaw with these affirmative defenses, "[m]otions to strike are disfavored." *Legal Aid Servs. of Or. v. Legal Servs. Corp.*, 561 F. Supp. 2d 1187, 1189 (D. Or. 2008). Such motions should be denied "when they do not align with Rule 12(f)'s central purpose of avoiding the unnecessary expenditure of time and money or enhancing efficiency by dispensing with spurious issues prior to trial." *In re Honest Co., Inc. Sec. Litig.*, 343 F.R.D. 147, 151 (C.D. Cal. 2022). Litigating motions to strike often result in unnecessary expenditure of time and money for little to no gain. That is the situation here. Striking Quail Construction's affirmative defenses numbered 1, 2, 5, and 6 would have no effect on how this case proceeds. The validity of Cody's constructive discharge claim (defense 2), the extent of his damages (defense 5), and the impact of after-acquired evidence (defense 6) will be litigated regardless of the outcome of the motion to strike. In these circumstances, striking is not appropriate.

1  Finally, Cody is entitled to pursue his claims without counsel but doing so does not
2 allow him to file motions not supported by the facts or law. Cody "must follow the same
3 rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.
4 1987), *overruled in part by Lacey v. Maricopa Cnty.*, 693 F.3d 896 (9th Cir. 2012). In the
5 future, Cody must ensure his filings comply with all applicable rules and procedures.
6 Should Cody make improper filings, he may be sanctioned including possibly the
7 involuntary dismissal of his claims.
8  **IT IS ORDERED** the Motion (Doc. 15) is **DENIED**.
9  **IT IS FURTHER ORDERED** an **in-person** scheduling conference is set for
10 **September 19, 2025**, at **11:00 a.m.**, in Courtroom 503, Sandra Day O'Connor United
11 States Courthouse, 401 W. Washington Street, Phoenix, Arizona 85003.
12  Dated this 4th day of September, 2025.

Honorable Krissa M. Lanham
United States District Judge